**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Salazar, | No. CV-20-00479-TUC-DCB (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This matter was referred to Magistrate Judge Jacqueline M. Rateau, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). She issued a Report and Recommendation (R&R) on February 7, 2022. (R&R (Doc. 27)). She recommends reversing the denial of benefits and remanding the case to the Administrative Law Judge (ALJ) for an award of disability benefits. The Court adopts this recommendation.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "'[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no

1    objections are filed, the district court does not need to review the R&R de novo. *Wang v.*
2    *Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d
3    1114, 1121-22 (9th Cir.2003) (en banc).

4    The parties were sent copies of the R&R and instructed they had 14 days to file
5    written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72
6    (party objecting to the recommended disposition has fourteen (14) days to file specific,
7    written objections). To date, no objections have been filed.

8    REPORT AND RECOMMENDATION

9    The Honorable Jacqueline M. Rateau, United States Magistrate Judge, considered
10   only the issue of whether the case should be remanded for further development of the
11   administrative record or an award of benefits. Both the Plaintiff and the Defendant, the
12   Commissioner of Social Security, agree that the ALJ erred when evaluating the medical
13   opinions from Brenda Wells, M.D., and Rodric Falcon, N.P, who provided treatment for
14   Plaintiff's mental impairments of anxiety and depression. The Plaintiff also has severe
15   impairments of degenerative disc disease, dysfunction of the joints, carpal tunnel
16   syndrome, and osteoarthritis.

17   The Court agrees with the Magistrate Judge's conclusion that remand for benefits is
18   appropriate because the record has been fully developed and further administrative
19   proceedings would serve no useful purpose, the ALJ failed to provide legally sufficient
20   reasons for rejecting these treating physicians' evidence, and if it is credited as true, the
21   ALJ would be required to find the claimant disabled on remand. (R&R (Doc. 27) 7-9
22   (relying on *Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014)).

23   Pursuant to 28 U.S.C. § 636(b), this Court makes a de novo determination as to
24   those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge
25   of the court shall make a de novo determination of those portions of the report or specified
26   proposed findings and recommendations to which objection is made.") To the extent that
27   no objection has been made, arguments to the contrary have been waived. *McCall v.*
28   *Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives

right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, de novo, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law)). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court remands this case to the ALJ for an award of benefits.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. 27) is adopted as the opinion of the Court.

///
///
///
///
///
///
///
///

1    **IT IS FURTHER ORDERED** that the Decision of the Commissioner for Social

2 Security is reversed, and the case is remanded for an award of benefits.

3    **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment

4 accordingly.

5    Dated this 10th day of March, 2022.

6

7

8

9 _____

10 Honorable David C. Bury
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28